QUINCE, J.,
concurring in part and dissenting in part.
I dissent in part from today’s decision because I conclude that the State did not present sufficient evidence to support the offense of sexual battery involving great physical force. Section 794.011(3), Florida Statutes (2008), requires the State to prove that the act of sexual battery occurred without the victim’s consent where the victim is twelve years of age or older. In its opinion, this Court observes that because no direct evidence was presented concerning the issue of consent, the conviction should only be affirmed if the record contains competent evidence that is inconsistent with any reasonable hypothesis of innocence. See Darling v. State, 808 So.2d 145, 155 (Fla.2002). The appellant argued at trial that he engaged in consensual sex with the victim and that all injuries were inflicted after the sexual act. Thus, in order for this Court to affirm the conviction, the record must contain evidence that is inconsistent with this claim.
However, a review of the record demonstrates that all of the physical evidence was in fact consistent with the appellant’s account. While significant evidence was presented concerning the victim’s injuries, nothing in the record establishes whether any of those injuries were inflicted before or after the sexual act. There was no evidence that the victim’s clothes had been forcibly removed. Further, the medical examiner could not state with certainty whether she had been sexually battered against her will. These facts are not refuted or contradicted by the evidence of the victim’s age and character on which the majority relies. Accordingly, I would vacate the appellant’s conviction for sexual battery involving great physical force and the accompanying sentence of life in prison.
Additionally, because I conclude that the evidence does not support the conviction for sexual battery, I would also find that the trial court erred in relying on that offense as an aggravating circumstance in its sentencing order. Nonetheless, I concur in this Court’s decision to affirm the death sentence because I believe that any error was harmless beyond any reasonable doubt. See Turner v. State, 37 So.3d 212, 226 (Fla.) (“When this Court strikes an aggravating factor on appeal, ‘the harmless error test is applied to determine whether there is no reasonable possibility that the error affected the sentence.’ ”) (quoting Jennings v. State, 782 So.2d 853, 863 n. 9 (Fla.2001)), cert. denied, — U.S. -, 131 S.Ct. 426, 178 L.Ed.2d 332 (2010).
Even without sexual battery as an aggravating circumstance, the record still es *503 tablishes that the murder was committed in the course of an aggravated child battery, and thus leaves undisturbed the trial court’s finding that the murder was committed in the course of a felony. See § 921.141(5)(d), Fla. Stat. (2008). The trial court also assigned “great weight” to its finding that the murder was especially heinous, atrocious, or cruel, and to the fact that at the time of the murder, the appellant was on felony probation for a prior act of child molestation. Further, although not charged as a lesser offense, the appellant’s actions clearly encompassed the elements of a lewd and lascivious battery, a second-degree felony, since it was not disputed at trial that the victim was thirteen years old. See § 800.04(4), Fla. Stat. (2008) (defining lewd and lascivious battery as “sexual activity with a person 12 years of age or older but less than 16 years of age”).
In light of the extensive aggravation remaining in the record, I conclude that the trial court’s finding of sexual battery involving great physical force as an aggravating circumstance was harmless error. Therefore, I agree with the Court that the appellant’s death sentence should be affirmed.